**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000030
24-MAR-2025
08:04 AM
Dkt. 63 SO**

NO. CAAP-22-0000030


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


YOKO L. OKUDA, Appellant-Appellant,
v.
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE, DEPARTMENT OF
LABOR AND INDUSTRIAL RELATIONS, and ALL ABOUT BEHAVIOR LLC,
Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO.  1CCV-20-0001589)


<u>SUMMARY DISPOSITION ORDER</u>
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

This appeal arises out of a denial of unemployment benefits by Appellee-Appellee Employment Security Appeals Referees' Office, Department of Labor and Industrial Relations (**ESARO**).  We affirm.

In this secondary appeal, Appellant-Appellant Yoko L. Okuda (**Okuda**) challenges the Circuit Court of the First

Circuit's (**Circuit Court**)[1] January 21, 2022 "Final Judgment" and January 3, 2022 "Order Denying Appellant Yoko L. Okuda's Appeal of [ESARO]'s November 9, 2020 Decision" (**Order Denying Appeal**).

On appeal, Okuda contends that ESARO "erred in disqualifying [her] from unemployment benefits[,]" and the "Circuit Court erred in affirming [ESARO's] decision."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Okuda's contentions as follows.

The record of the November 9, 2020 ESARO hearing reflects the following. From July 2018 until her May 29, 2020 resignation, Okuda was employed as a registered behavioral technician with Appellee-Appellee All About Behavior LLC (**Employer**), a learning center providing therapeutic services to children with developmental disabilities. Okuda last worked at the learning center on March 17, 2020. From that week until Okuda's May 29, 2020 resignation, Okuda was staying or working from home due to the COVID-19 pandemic. After closing the learning center to develop COVID-19 protocols, Employer notified the behavioral technicians that they had to return to work in person on June 1, 2020. On May 25, 2020, Okuda emailed Employer questions regarding her COVID-19-related concerns. Employer answered her questions and re-sent the COVID-19 protocols that were previously sent on May 20, 2020. Employer emailed Okuda on May 28, 2020, to confirm whether she would return to work in person on June 1. When Employer emailed Okuda again on May 29, 2020, Okuda responded by resigning from her position, stating she "will not be returning to center [sic] on June 1, 2020";

---

[1] The Honorable James H. Ashford presided.

2

that "it is for [her] own personal reasons that [she] feel[s] [she is] not the best fit for [the] company"; and that she "appreciate[d] all the time that [she] got to spend there and [had] learned so much."

Okuda filed an unemployment benefits application effective March 15, 2020. On September 12, 2020, the Unemployment Insurance Division (**UID**) issued its "Notice of Unemployment Insurance Decision" (**Notice of Denial**) disqualifying Okuda from unemployment benefits because Okuda left work for "personal" reasons and "quit without good cause" under Hawaii Revised Statutes (**HRS**) § 383-30(1).[2] The UID Notice of Denial stated that it considered Okuda's statements that she "quit this job because of COVID 19 safety concerns"; that Employer "failed to implement safety protocols and that [she] live[d] with [her] parents 'who are at risk'"; that Employer

---

[2] HRS § 383-30(1) (2015), entitled "Disqualification for benefits," provides that "[a]n individual shall be disqualified for benefits" for "[v]oluntary separation" "in which the individual has left the individual's work voluntarily without good cause . . . ." The relevant administrative rule, Hawaiʻi Administrative Rule (**HAR**) § 12-5-47(a) provides: "An individual shall be disqualified for voluntarily leaving work without good cause." HAR § 12-5-47(c) explains "good cause" as follows:

> (c) Generally, a leaving of work is considered to be for good cause where it is for a real, substantial, or compelling reason, or a reason which would cause a reasonable and prudent worker, genuinely and sincerely desirous of maintaining employment, to take similar action. Such a worker is expected to try reasonable alternatives before terminating the employment relationship.
>
> Good cause for leaving employment may be found where there is:
>
> > (1) Change in working conditions and the change is prejudicial or detrimental to the health, safety, or morals of the individual;
> >
> > . . . .
> >
> > (8) Any other factor relevant to a determination of good cause.

"allowed [her] to work from home from March 17, 2020"; that on May 29, 2020 "[E]mployer gave [her] an ultimatum to return to [her] full time position by noon" or there would "be no job for [her]"; and Okuda "responded by email that since [E]mployer failed to implement safety protocols [she] would not be returning."  The Notice also set forth Employer's statements that "it implemented safety protocols and allowed [Okuda] to work from home until May 30, 2020 when [E]mployer insisted [she] return to work in person since [her] position requires one on one work with children"; that on June 1, 2020 Okuda "sent a letter of resignation stating personal reasons"; and that Employer "denies it was unresponsive to [Okuda's] emails during [her] work from home and that [she] continued to receive all benefits of full time employment."  The Notice of Denial also noted that:  "From May 29, 2020 to August 21 or 28, 2020 [Okuda] worked 1 day a week at Any Place Cocktail & Lounge"; and Okuda "stopped working when there was a COVID case and [she was] quarantined."  The UID Notice of Denial concluded that Okuda "quit without good cause" as follows:

> Evidence indicates that your safety concerns are without merit since you worked at a bar while living with your parents. Based on the available information, your reason for leaving were [sic] personal and do not show that you were compelled to leave. <u>You quit without good cause within the meaning of the law</u>.

(Emphasis added.)

On September 25, 2020, Okuda appealed the UID Notice of Denial to ESARO.  In its November 9, 2020 "Decision in the Matter of: 2007197" (**Decision**), ESARO affirmed the UID Notice of Denial and concluded that Okuda "voluntarily quit without good cause" under HRS § 383-30(1).  ESARO's Decision considered both Okuda's and Employer's evidence in rejecting Okuda's contentions under

4

the preponderance of evidence standard, and concluded Okuda "quit when she did for personal non-compelling reasons, and without good cause[,]" as follows:

> In this case, although claimant may have had concerns about the workplace being unsafe and potentially contracting the Covid-19 virus, there is no evidence to show that anything real, substantial, or compelling occurred in May 2020 or June 2020 that was an immediate detriment to claimant's health, safely, or welfare to compel her to quit when she did. Equally opposed to claimant's testimony and evidence is the employer's differing testimony and evidence to show that she made governmental approved changes to the workplace to ensure the safety, health, and welfare of employees and those they interacted with. Therefore, it is <u>concluded that continued, safe employment was still available to claimant had she not quit</u>.
>
> Other than claimant's personal belief and fear of contracting the Covid-19 virus and infecting others if she returned to work, <u>there is no preponderance of evidence to show that her belief was real, and that the conditions of employment had become or were imminently detrimental to her health, safety, or welfare to render continued employment unsuitable, and were real, substantial, and compelling reasons to quit when she did</u>. The evidence also show [sic] that <u>claimant did not act similarly as an employee who is genuinely and sincerely desirous of maintaining employment, by discussing her concerns with the employer or contacting an appropriate governmental agency before she quit. Therefore, it is concluded that claimant quit when she did for personal non-compelling reasons, and without good cause</u>.

(Emphases added.)

On November 30, 2020, Okuda appealed ESARO's Decision to the Circuit Court, which concluded in its January 3, 2022 Order Denying Appeal, that: the "ESARO Hearing Officer is entitled to make his conclusions based upon his own assessment of credibility and probative value"; "there is the requisite substantial evidence to support the Hearing Officer's determination"; the Circuit Court "cannot disagree with the Hearing Officer's determination that [Okuda] left her employment without good cause, including that she did not try reasonable alternatives"; "[t]here is no basis under [HRS] §[]91-14(g) to reverse, vacate, remand, modify, or otherwise upset the

5

Decision"; there are "no clearly erroneous findings of fact or findings as to mixed questions of fact and law"; and the Circuit Court "has no firm and definite conviction that a mistake has been made." Okuda timely appealed.

When reviewing a Circuit Court's review of an agency's decision as a secondary appeal, we determine "whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g)." Del Monte Fresh Produce (Hawaii), Inc. v. International Longshore and Warehouse Union, LOCAL 142, AFL-CIO, 112 Hawaiʻi 489, 498, 146 P.3d 1066, 1075 (2006) (citation omitted). Under HRS § 91-14(g)(5) (2012 & 2016 Supp.), a court may reverse an agency's decision that prejudices substantial rights and is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record[.]" The "good cause" determination at issue in this case is a mixed question of fact and law that we review for clear error. See Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

In this appeal, Okuda challenges the good cause determination by: (1) pointing to her own evidence that she claims established good cause under HAR § 12-5-47(c)(1) because Employer's COVID-19 policies were "detrimental to [her] health, safety, or morals"; and (2) arguing that ESARO's findings were insufficient because there were no findings discussing Okuda's evidence "or discounting the facts presented by [her] witnesses."

Okuda's first argument that her own evidence established good cause under HAR § 12-5-47(c)(1) goes to the weight of the evidence, which we do not consider on appeal. See Application of Hawaiian Elec. Co., Inc., 81 Hawaiʻi 459, 465, 918 P.2d 561, 567 (1996) ("[C]ourts decline to consider the weight

6

of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflict in testimony[.]" (citation omitted)).

Okuda's second argument that the findings were deficient because they did not discuss Okuda's evidence and they "discounted the facts presented by [Okuda's] witnesses" lacks merit. An agency need not specifically address each piece of evidence submitted by the parties. See Sugano v. State, Dep't of Att'y Gen., No. 29246, 2010 WL 231100, at *2 (Haw. App. Jan. 22, 2010) (SDO) (concluding that the agency's findings "appropriately address[ed] material questions of fact and those minor matters with cumulative significance" and explaining "[j]ust because the FOFs do not address what Sugano himself deems significant does not invalidate them"). Here, the record reflects that ESARO weighed Okuda's and Employer's "differing testimony and evidence," and concluded that "continued, safe employment was still available to [Okuda] had she not quit." ESARO's determination that Okuda "voluntarily quit without good cause" under HRS § 383-30(1) was supported by substantial evidence that ESARO properly weighed as the factfinder and was not clearly erroneous; and the Circuit Court was right when it affirmed ESARO's Decision under HRS § 91-14(g). See Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi at 351, 152 P.3d at 523; Del Monte Fresh Produce, 112 Hawaiʻi at 498, 146 P.3d at 1075.

For the foregoing reasons, we affirm the January 21, 2022 "Final Judgment" and the January 3, 2022 Order Denying

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Appeal, both filed and entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawai'i, March 24, 2025.

On the briefs:

Gary Y. Okuda,
for Appellant-Appellant.

Christopher S. Yeh,
for Defendant-Appellee,
All About Behavior LLC.

Staci I. Teruya,
Deputy Attorney General,
for Appellee-Appellee,
Department of Labor and
Industrial Relations.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

8